IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUTO-OWNERS INSURANCE COMPANY                                                          PLAINTIFF

V.                                    CASE NO. 5:21-CV-5016

T. RAINWATER CONSTRUCTION, LLC;
TROY RAINWATER; CHRISTIAN RAINWATER;
and CARMEN VALDEZ, as Special Administrator
of the ESTATE OF JAVIER MANCIA, deceased and
on behalf of the wrongful death beneficiaries of
JAVIER MANCIA                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendants T. Rainwater Construction, LLC, and Troy Rainwater's Motion for Attorney Fees (Doc. 67) and Plaintiff Auto-Owners Insurance Company's Response in Opposition (Doc. 68). For the reasons explained below, the Motion is **GRANTED**.

### I.      BACKGROUND

On or about March 27, 2018, Christian Rainwater and Javier Mancia were involved in a motor vehicle collision in Springdale, Arkansas, that resulted in Mr. Mancia's death. Christian's father is Troy Rainwater ("Mr. Rainwater"), the owner of T. Rainwater Construction, LLC ("TRC"). On March 29, Mr. Rainwater and TRC notified Auto-Owners about the collision. At the time, TRC maintained three insurance policies with Auto-Owners; however, the vehicle Christian was driving during the accident was not covered by any of TRC's policies, and Christian was not employed by TRC when the accident occurred. Nevertheless, the Estate of Mr. Mancia filed a lawsuit in state court (Doc. 2-2) against Christian, Mr. Rainwater, and TRC on January 31, 2019,

1

alleging that Christian was an employee of TRC at the time of the accident and was operating a company vehicle within the course and scope of his employment with TRC. Christian was accused of negligently causing Mr. Mancia's death, and Mr. Rainwater and TRC were accused of being vicariously liable for Christian's negligence and for negligently entrusting him with a company vehicle.

Auto-Owners denied it had a duty to defend Mr. Rainwater and TRC in the state lawsuit or a duty to indemnify them from any legal claims related to the accident. As a result, Mr. Rainwater and TRC were forced to hire counsel to defend them in the state court action. They selected Stephen C. Parker, Jr., of Parker Law Firm, PLLC (now called Westark Law). *See* Doc. 67-1. On February 25, 2019, Mr. Parker filed a motion to dismiss the claims against his clients. In the motion he argued that Christian was not employed by TRC and was not driving a vehicle owned by Mr. Rainwater or TRC at the time of the car accident.

On August 28, 2019, the state court judge denied Mr. Parker's motion to dismiss without explanation. Litigation continued in state court, with Mr. Rainwater and TRC footing the bill for their own attorney. It appears, however, that throughout this time, Mr. Rainwater and TRC requested that Auto-Owners reconsider its decision on the duty to defend. On June 1, 2020, their persistence was rewarded. Auto-Owners hired counsel to represent Mr. Rainwater and TRC in state court under a reservation of rights. At that point, Mr. Parker had already charged his clients a total of $8,300.00. After Mr. Parker withdrew, the attorney hired by Auto-Owners stepped in to assume the defense of Mr. Rainwater and TRC in state court.

On January 25, 2021, Auto-Owners filed the present action in this Court, seeking a declaration that it had no duty to defend or indemnify Mr. Rainwater and TRC under any of the insurance policies.  Mr. Rainwater and TRC promptly rehired Mr. Parker to defend them, and on March 10, 2021, filed an answer to the declaratory judgment complaint and a counterclaim for breach of contract.  The counterclaim asserted that Auto-Owners had breached their duty to defend Mr. Rainwater and TRC in state court until June 1, 2020, the date the attorney hired by Auto-Owners entered an appearance. (Doc. 6).

On April 16, 2021, the parties filed a Joint Rule 26(f) Report (Doc. 13).  According to the Report, Mr. Rainwater and TRC agreed with Auto-Owners that "its insurance policy afford[ed] no coverage" to Christian, which meant Auto-Owners owed no duty to indemnify Mr. Rainwater and TRC in state court.  *Id.* at p. 3.  The Report also made clear that the parties disagreed only about Auto-Owners's duty to defend.  *Id.*

On May 10, 2021, the Court addressed counsel for the parties at a case management hearing.  In the Court's view, the only disputed matter in the lawsuit was "whether Auto-Owners, based on the allegations in the complaint, should have provided a defense prior to June 1st of 2020 . . . and that they be required to continue to provide a defense . . .  up until such time as [TRC and Mr. Rainwater] are dismissed from the underlying litigation."  (Doc. 28, pp. 7–8).  The Court then addressed Mr. Parker, counsel for Mr. Rainwater and TRC, noting:

> This [case] is weirdly postured in the sense that your insured agrees that there's no coverage, but they would like a defense.  And there [are] still live allegations in state court against them regardless of your agreement of coverage.

3

*Id.* at p. 8.  Mr. Parker agreed with the Court's summary.  The Court then turned to Caley Vo, counsel for Auto-Owners, and opined that "the duty to defend is much broader than the coverage question," which generally means that "so long as there is a possibility that judgment could be rendered against the insured, . . . a duty to defend follows."  *Id.*  Mr. Vo responded:

> Well, first of all, Your Honor, I agree that the duty to defend is broader than the duty to indemnify. But when it is shown by the facts of the case that there is no coverage, the duty to defend also ends with the duty to indemnify.

*Id.* at p. 11.

On August 25, 2021, Auto-Owners filed an amended complaint that added the Estate of Mr. Mancia as a defendant to the lawsuit and clarified the insurance policies at issue.  (Doc. 30).  Auto-Owners continued to maintain that it did not owe Mr. Rainwater and TRC a duty to defend them in state court.  On September 7, Mr. Rainwater and TRC responded to Auto-Owners's requests for admission, agreeing there was "no . . . coverage for indemnity," but noting that this was "immaterial because of the active claims against TRC and Mr. Rainwater" that triggered Auto-Owners's duty to defend them "until such time as the aforementioned claims are adjudicated."  (Doc. 68-1, p. 4).

Months passed, and as the trial date approached, Mr. Parker's partner, Joel Isaac Farthing, entered his appearance in this case.  A week later, on May 17, 2022, Magistrate Judge Christy Comstock held a mandatory settlement conference, at the conclusion of which Auto-Owners agreed to pay the Estate of Mr. Mancia a certain sum to settle the state court lawsuit—despite the fact that Auto-Owners still maintained there

was no coverage under the insurance policies and that it was not legally obligated to pay the Estate anything.

Magistrate Judge Comstock filed an Agreed and Stipulated Order (Doc. 62), on June 8, 2022, memorializing Auto-Owners's settlement of the state court lawsuit.  This meant that the only claims remaining in the federal lawsuit concerned Auto-Owners's duty to defend Mr. Rainwater and TRC in state court.  The June 8 settlement order also noted that Mr. Rainwater and TRC made an offer to Auto-Owners to settle the duty-to-defend claims—inclusive of all attorneys' fees incurred in state and federal court—for a grand total of $18,852.80.  *Id.*  Auto-Owners rejected the offer.

On June 10, Auto-Owners offered to settle the duty-to-defend claims (brought in both the declaratory judgment action and the counterclaim for breach of contract) for $8,300.00.  *See* Doc. 68-3.  That was the amount Mr. Parker had charged Mr. Rainwater and TRC to defend them in the state court case before Auto-Owners assumed their defense.  Mr. Rainwater and TRC believed they were entitled to reimbursement of their fees in the state court case *and* in federal court, and for that reason rejected Auto-Owners's settlement offer.  All parties then began preparing for the trial set to commence the week of July 18.  They filed their pretrial disclosures on June 10.  *See* Docs. 63 & 64.

On June 30, Mr. Vo emailed Mr. Farthing and Mr. Parker stating that Auto-Owners "would rather not spend the time and fees on trying this case" and suggesting that Auto-Owners confess judgment on the duty to defend.  *See* Doc. 68-3, p. 2.  Mr. Vo also suggested that Auto-Owners pay $8,300.00 to Mr. Rainwater and TRC for breaching the duty to defend and leave for another day the question of "whether there

are additional fees owed" for the defense of the declaratory judgment claims in federal court.  *Id.*  Mr. Rainwater and TRC accepted Auto-Owners's proposal and emailed the Court to announce the parties had resolved the duty-to-defend claims and there was no further need for a trial.

On July 11, 2022, the Court entered an Agreed and Stipulated Order (Doc. 66) finding against Auto-Owners on the duty-to-defend claims and awarding Mr. Rainwater and TRC $8,300.00 in damages.  The Court cancelled the trial.  Then, on July 23, Mr. Rainwater and TRC filed their Motion for Attorney Fees (Doc. 67), arguing that according to Arkansas Code § 23-79-209(a), Auto-Owners was required to pay Mr. Rainwater and TRC all reasonable attorneys' fees they incurred for the defense of the declaratory judgment action.  Mr. Farthing and Mr. Parker attached to the Motion their itemized bill for their legal services in this lawsuit, which totals $25,052.80.  In response, Auto-Owners points out that the declaratory judgment action concerned not only the duty to defend but also the duty to indemnify, and even though Auto-Owners lost on the duty to defend, it technically prevailed on the duty to indemnify (even though it paid the Estate of Mr. Mancia).

Auto-Owners contends that Mr. Rainwater and TRC are not entitled to the reimbursement of their fees and costs in defending the declaratory judgment action under § 23-79-209(a) because they were "not the prevailing party in the underlying lawsuit or this matter."  (Doc. 68, p. 5).   However, if the Court disagrees, Auto-Owners urges it "not [to] consider any fees sought in connection with defending the duty to indemnify, since the Rainwaters did not prevail on this issue."  *Id.* at p. 6.  Auto-Owners accuses Mr. Rainwater and TRC of failing to act in good faith in "refus[ing] to resolve

6

this matter in a myriad of ways, and insist[ing] on a more costly, time-intensive pretrial and motions practice that followed the Settlement Conference on May 17, 2022." *Id.* at p. 14.  Although Auto-Owners is constrained to agree that Mr. Rainwater and TRC "technically 'won' a small portion of this case," Auto-Owners believes it "won the larger share of the case, which was the issue of coverage." *Id.* at p. 7.

## II.   LEGAL STANDARD

According to Arkansas Code § 23-79-209(a):

> In all suits in which the judgment or decree of a court is against a . . . liability insurance company . . . in a suit for a declaratory judgment under the policy, . . . the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.

"When Arkansas courts consider the meaning of a statute, they begin by observing its plain language, giving the words their ordinary meaning." *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 852 (8th Cir. 2013).  "In the insurance context, a declaratory judgment 'is typically used to determine the obligations of the insurer under a policy of insurance.'"  *Id.* at 853 (quoting *S. Farm Bureau Cas. Ins. Co. v. Krouse,* 375 S.W.3d 763, 767 (Ark. Ct. App. 2010)).  When a court declares that, pursuant to a policy of insurance, an insurance company was obligated to defend its insured in an underlying lawsuit, the court "render[s] judgment against an insurance company" under § 23-79-209(a), and the insurance company must "pay [its insured] attorneys' fees for defending [the company's] declaratory judgment action."  *Id.*

In considering whether the fees demanded by counsel are reasonable, a reviewing court should evaluate the factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval

by the Eighth Circuit in *All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009). They include the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

### III. DISCUSSION

Section 23-79-209(a) of the Arkansas Code does not require the Court to consider whether one party or another "prevailed" in a lawsuit. Instead, the statute only asks whether there was a "judgment or decree of a court . . . against a life, property, accident and health, or liability insurance company . . . in a suit for a declaratory judgment under the policy." Ark. Code Ann. § 23-79-209(a). Here, there is such a "decree"—the Agreed and Stipulated Order of July 11, 2022 (Doc. 66)—and it was entered against Auto-Owners, a "liability insurance company."

The July 11 Order decreed that "there was a duty to defend on behalf of Auto-Owners and in favor of T. Rainwater Construction, LLC and Troy Rainwater in connection with the underlying state negligence lawsuit." (Doc. 66, p. 1). The Court awarded $8,300.00 in damages to Mr. Rainwater and TRC for prevailing against Auto-Owners on this claim in both "the declaratory judgment and breach of contract actions." *Id.* at p. 2. The Court therefore concludes that Auto-Owners "shall" pay its insureds' reasonable costs of defense in the declaratory judgment action. *See* Ark. Code Ann. § 23-79-209(a).

The Court does not agree that Auto-Owners "won" and Mr. Rainwater and TRC "lost" on the most important and time-consuming aspect of the case. Though Auto-Owners believed it had no duty to indemnify under the insurance policies, it nonetheless sank its resources into settling with the Estate of Mr. Mancia. Mr. Rainwater and TRC had no choice but to go along for the ride—responding to pleadings, participating in discovery, and attending settlement conferences. It was always Mr. Rainwater and TRC's position that Auto-Owners owed *nothing* to the Estate. Auto-Owners's decision to spend its resources negotiating a settlement with the Estate was its own. From the start, Mr. Rainwater and TRC cared only about the duty to defend. Since the sole issue Mr. Rainwater and TRC contested in this lawsuit was the duty to defend, all of their counsel's time was spent either on this issue or on issues tangential or incidental to the duty to defend.

Turning now to an analysis of the reasonableness of the fee request, the Court looks to the familiar *Chrisco* factors. The Court has reviewed Mr. Farthing and Mr. Parker's itemized bill (Doc. 67-2) and finds their hourly rate of $250.00 and the number of hours they spent litigating this case on behalf of their clients were both fair and reasonable.[1] The federal litigation commenced in early 2021, proceeded through discovery and a settlement conference, and was settled on or about July 7, 2022, the day before the pretrial conference. At the time the matter was settled, trial preparations

---

[1] There are two time entries billed by Mr. Parker that are not charged at a rate of $250 per hour: (1) one hour on 4/16/21 to "Draft/revise RTC corporate disclosure statement" at a rate of $0.60 per hour; and (2) one hour on 4/23/21 to "Draft/revise and compile TRC R26 disclosures" at a rate of $2.20 per hour. It could be that the hourly rates associated with these time entries are incorrect; but it could also be that Mr. Parker

were well on their way. In the Court's view, approximately 100 hours of attorney time was reasonable for counsel to spend on this case. Moreover, Auto-Owners did not object to the reasonableness of any of the hours claimed.

With respect to counsel's experience and ability, the Court is familiar with both Mr. Farthing and Mr. Parker from previous cases. Mr. Farthing has been licensed to practice law for 15 years, and Mr. Parker has been licensed for 17 years, and they are seasoned litigators. The Court observes that Auto-Owners did not object to Mr. Parker's qualifications and hourly rate when agreeing to pay his full demand for fees in the state court litigation.

As for the novelty and difficulty of the issues involved, the Court finds that this case presented an unusual factual posture, in that the insurance company and its insured were aligned on the matter of coverage in the underlying state court suit and only disputed the duty to defend. For all these reasons and in view of the positive results Mr. Farthing and Mr. Parker obtained for their clients, the Court will award their full request for fees.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Attorney Fees (Doc. 67) is **GRANTED**, and Auto-Owners is to pay Troy Rainwater and T. Rainwater Construction, LLC, a total of **$25,052.80** in attorneys' fees.

**IT IS FURTHER ORDERED** that Auto-Owners's Motion to Dismiss (Doc. 69) as to Carmen Valdez, Special Administrator of the Estate of Javier Mancia, is **GRANTED**.

---

discounted his hourly rate intentionally. Without more information, the Court will not modify the hourly rates for these time entries *sua sponte*.

All claims against Ms. Valdez are **DISMISSED WITH PREJUDICE** due to settlement.

All other claims in the lawsuit were previously settled and dismissed with prejudice. *See* Docs. 62 & 66. Accordingly, the Clerk of Court is directed to close the case.

**IT IS SO ORDERED** on this 8th day of December, 2022.

                                                      _____
                                                    TIMOTHY L. BROOKS
                                                    UNITED STATES DISTRICT JUDGE